UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| JACK ROOKARD, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW YOUNG, CFO of Capital One, )<br>)<br>Defendant. ) | No. 1:24-cv-00075-TAV-SKL |

**REPORT AND RECOMMENDATION**

Plaintiff initiated this case on February 20, 2024, by filing a complaint and a motion to proceed *in forma pauperis* ("IFP") [Doc. 1 & Doc. 2]. On February 23, an Order was entered that explained several reasons why Plaintiff's IFP motion was deficient and required Plaintiff to file a new IFP motion [Doc. 7]. In particular, the Order instructed Plaintiff to clarify the status of his residence as rented or owned, addressing any debt or equity therein; to clarify his monthly income, including the source of income or how he pays his claimed monthly expenses; and to clarify his monthly expenses. Plaintiff was specifically warned that any failure to submit the requested information would result in the denial of his IFP motion and/or dismissal of his claim. The Order further explained that Plaintiff's complaint would be screened in accordance with 28 U.S.C. § 1915, to determine whether Plaintiff has stated a viable claim, before any process would be served.

**I.  IFP MOTION**

Plaintiff submitted a second IFP motion on March 6 [Doc. 8]. Plaintiff clarifies that his residence is an asset, subject to a mortgage. However, despite claiming $1850/month in expenses, Plaintiff still does not disclose any income, and he claims to only have $500 in cash assets/checking

accounts, with no savings. He indicates he last worked in June 2021. Attached to the second IFP motion is a letter from Plaintiff which states:

> This is an explanatory statement concerning the deficiencies in the application to proceed in forma pauperis. The unfamiliarity with the process is attributed to most deficiencies. I believe I have corrected all the deficiencies on this form. In the future, I will ensure forms are filled out properly giving more attention to the details therein. I have no current steady source of income. I am currently starting an affiliate marketing business, however, I felt that this source is not consistent enough to name as an income source. If there is any additional information needed please contact me. Thank you for your patience as this is a learning process for me.
>
> Done In Good Faith
>
> By: Jack Rookard, Jr.

[Doc. 8-1 at Page ID # 95].

The February 23 Order clearly stated Plaintiff was required to explain "how he pays his claimed monthly expenses." [Doc. 7 at Page ID # 83]. Plaintiff's letter does not indicate whether the "affiliate marketing business" that Plaintiff is "currently starting" is his sole source of money to cover $1850/month in expenses or how he pays his expenses associated with that business.[1]

Even considering Plaintiff's pro se status and liberally construing his letter and updated IFP motion, Plaintiff has not complied with the February 23 Order, despite specifically being warned that failing to do so "will result in the denial of Plaintiff's motion and/or dismissal of his claim." [Doc. 7 at Page ID # 83]. Likewise, he has not shown his IFP motion should be granted under 28 U.S.C. § 1915. Despite these failures, the undersigned will briefly address Plaintiff's failure to state a claim in his complaint in case he decides to pay the required filing fee.

---

[1] As Plaintiff describes the money generated by the business as too sporadic to be considered "income," it may not be a source of significant income, yet Plaintiff does not list any business or personal loans, other than his mortgage-related debt [*see* Doc. 8 at Page ID # 89].

2

## II. SCREENING THE COMPLAINT

### a. Standards

As mentioned above, the Court is responsible for screening all actions filed by plaintiffs seeking IFP status, and dismissing any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (citations omitted), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, No. 2:07-CV-238, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.) (citations omitted). A frivolous claim is one that is based on "an indisputably meritless legal theory," or on allegations of "infringement of a legal interest which clearly does not exist." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).

The standard required by § 1915(e)(2)(B)(ii) to properly state a claim for which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citations omitted). The pleadings of pro se litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quotation marks and citations omitted). "[P]ro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A*, 161 F. App'x 487, 491 (6th Cir. 2005). Requiring the court "to ferret out the strongest cause of action on behalf of pro se litigants . . . would transform the courts from neutral arbiters of disputes into

3

advocates for a particular party." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," otherwise it is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." A complaint need not state "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, it must contain more than mere "labels and conclusions, . . . a formulaic recitation of the elements," or "naked assertions . . . without further factual enhancement." *Id.* at 555, 557 (citations omitted).

**b.    Analysis**

Plaintiff names as the only defendant in this case, "Andrew Young CFO of Capital One." [Doc. 1 at Page ID # 2]. He asserts Defendant Young violated Tennessee Code Annotated § 47-50-109, titled, "Inducement of breach of contract; damages." For the "short and plain statement" of his claim, Plaintiff writes:

> The Plaintiff, Jack Rookard Jr., signed a contract for consumer credit with Defendant Capital One. On May 30, 2011 (see attachment labeled exhibit A).
>
> Plaintiff Jack Rookard Jr. tendered a negotiable instrument to Defendant Andrew Young CFO of Capitol One with accord and satisfaction as a performance to contract on October 30, 2024. See the attachment labeled Exhibit B and E.
>
> Defendant, Andrew Young CFO of Capital One, received instructions pertaining to the principal balance and where to transfer the principal's balance. See the attachments labeled Exhibit B and C.
>
> The defendant, Andrew Young CFO of Capital One, has refused to carry out the fiduciary duties for the Plaintiff, Jack Rookard Jr., and also refused to carry out the accord and satisfaction performance. See the attachment labeled Exhibit A.

4

> Plaintiff, Jack Rookard Jr., has notified Defendant, Andrew Young CFO of Capital One, of the non-performance. See the attachment labeled Exhibit D.
>
> Due to these actions the Defendant, Andrew Young CFO of Capital One, has breached the contract.
>
> Plaintiff, Jack Rookard Jr., was denied access to the equity and interest created from the credit sale. The request has been made for interest and equity.
>
> Plaintiff, Jack Rookard Jr., has suffered tort damages from the actions of the defendant.
>
> Defendant, Andrew Young CFO of Capital One, refuses to return negotiable instruments to Plaintiff Jack Rookard Jr.
>
> The defendant violated Tennessee civil code 47-50-109.
>
> I have filed a complaint with the Office of the Comptroller of the Currency.

[Doc. 1 at Page ID # 3-4 ].

> Plaintiff identifies the relief he seeks as follows:
>
> A. Specific performance of the contract or restitution of the parties in the amount requested in section VII of the civil cover sheet.
>
> B. The defendant is to be responsible for the cost of this action.
>
> C. The plaintiff requests Full disclosure of all accounting transactions between the plaintiff and the defendant since account inception.
>
> D. The defendant is seeking to have all payments reverted to him due to a breach. See the attachment labeled Exhibit F.
>
> E. The plaintiff requests all equity and interest attached to the account be returned to the plaintiff.
>
> F. Whatever the courts deem appropriate and just.

[*Id.* at Page ID # 4].

The undersigned has reviewed the documents referenced in and attached to Plaintiff's complaint. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (In Rule 12(b)(6) context, courts may consider the complaint and "any exhibits attached thereto . . . so long as they are referred to in the Complaint and are central to the claims contained therein."). The alleged "negotiable instrument" Plaintiff submitted, Exhibit E to the complaint, appears to be a copy of a page of a bill sent to Plaintiff by Capital One [Doc. 1-1 at Page ID # 10]. It seems Plaintiff is using vague legal terms in an attempt to somehow convert the bill, or possibly some old bank statements, into an alleged payment for debt owed to Capital One. Exhibit B appears to be a letter Plaintiff wrote to Defendant Young in October 2023, in which Plaintiff purports to be an agent of himself [*id.* at Page ID # 7]. The letter is titled, "Notice of Claim of Interest First Attempt," and it provides:

> I, Rookard, Jack -McKinley/agent here on behalf of JACK ROOKARD / Principal. I hereby accept all titles, all rights, all interest, and guarantee equity owed to the principal. I hereby instruct the CFO, Andrew Young, to apply the principal's balance to the principal's account . . . each and every billing cycle for set-off. Please apply this tender of payment to the account within 5 business days after receipt of this letter. I also instruct CFO, Andrew Young to communicate through writing if there are any discrepancies, within 5 business days after receipt of this letter. If there is no communication made within 5 business days then I can assume the aforesaid instructions have been completed. THESE INSTRUCTIONS ARE NON-NEGOTIABLE.
>
> Without recourse
>
> By, Rookard, Jack-Mckinley/ Agent
> For: JACK ROOKARD/ Principal
> s/ Rookard, Jack-Mckinley/ Agent

[*Id.*]. In December 2023, Plaintiff sent a second letter with substantially the same language, this one titled, "Notice of Claim to Int[erest] Default Judgment for Non-Performance." [*Id.* at Page ID # 9]. Nothing about these documents indicates a valid contract—with offer, acceptance, and

consideration—was ever formed between Plaintiff and Defendant Young, let alone that Defendant Young breached any such alleged contract, or that Defendant Young induced Plaintiff to breach any such contract.

The vague language in these letters and in Plaintiff's complaint falls far short of applicable requirements for stating a claim, for inducement of breach of contract in violation of Tennessee Code Annotated 47-50-109 or for any other claim over which this Court has jurisdiction. Indeed, Plaintiff's allegations do not appear to even approximate an actionable claim.

## III. CONCLUSION

Accordingly, I **RECOMMEND**[2] Plaintiff's complaint be **DISMISSED** due to Plaintiff's failure to comply with the plainly stated requirements of the February 23 Order, *see* Fed. R. Civ. P. 41(b); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."), and because he has not shown his IFP motion should be granted under 28 U.S.C. § 1915. Moreover, even if Plaintiff could meet the standards for proceeding without prepayment of fees, his current complaint, even when liberally construed, does not comply with applicable pleading standards. Considering the foregoing recommendations, I further recommend the two pending IFP motions [Doc. 2 & Doc. 8] be **DENIED**.

SO ORDERED.

ENTER:

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE